RANDALL B. AIMAN-SMITH (124599)
JOHN A. LOFTON, ESQ. (222259)
Aiman-Smith & Marcy, P.C.
7677 Oakport Street, Suite 1150
Oakland, CA  94621
Telephone:  510-817-2711
Facsimile:  510-562-6830
Email: ras@asmlawyers.com
        jal@asmlawyers.com

Attorneys for Plaintiff Nanette Kearney

## UNITED STATES DISTICT COURT

## NORTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| NANETTE KEARNEY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>GALILEO LEARNING, LLC, a California limited liability company; GALILEO LEARNING FRANCHISING LLC, a California limited liability company; GLEN TRIPP, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nanette Kearney ("Named Plaintiff") is informed and believes and thereupon alleges the following:

## I.    INTRODUCTION

1.    Named Plaintiff brings these claims, individually and as a class action under Federal Rule of Civil Procedure 23, against Defendants Galileo Learning, LLC, Galileo Learning Franchising LLC, and Glen Tripp (collectively, "Galileo" or "Defendants").  These claims are

asserted by Named Plaintiff in her capacity as class action representative on behalf of all similarly situated persons (the "Class").

2.      The Class consists of all individuals who paid Defendants for spring and/or summer camps in 2019-2020 that were canceled by Defendants without refund.

3.      The Class Period is designated as the period from 3 years prior to the filing of this action through the trial date.

4.      As used herein, "Plaintiffs" means Named Plaintiff and all members of the Class.

5.      Plaintiffs have been injured by Defendants' failure to provide spring and/or summer camps and related services and/or failure to provide refunds upon cancelation of said camps.

6.      For these injuries, Plaintiffs seek damages and penalties, or alternatively restitution, as well as interest, attorney's fees, costs, and injunctive relief.

7.      All violations of law described herein are ongoing, are continuing at present, and will continue unless and until enjoined by this Court.

8.      Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law.

II.     PARTIES

9.      Defendant Galileo Learning, LLC is a California limited liability company, registered to and conducting business in California, with its primary place of business in Oakland, California.  Galileo Learning, LLC operates spring and summer camps in California, Illinois, and Colorado, including approximately 71 camps in California.

10.     Defendant Galileo Learning Franchising LLC is a California limited liability company, registered to and conducting business in California, with its primary place of business in

Oakland, California.  Plaintiffs are informed and believe and on that basis allege that Galileo Learning Franchising LLC operates spring and summer camps in California, Illinois, and Colorado, including approximately 71 camps in California.

11.     Defendant Glen Tripp is the founder and principal of Galileo Learning, LLC and Galileo Learning Franchising LLC.  Plaintiffs are informed and believe and on that basis allege that Mr. Tripp is a resident of California and is directly responsible for the wrongful acts alleged herein.

12.     Plaintiff Nanette Kearney is a resident of Walnut Creek, California.  In February 2020, Ms. Kearney purchased two summer camp sessions for her child.  At the time she purchased the sessions, the agreement with Defendants provided that she could cancel and receive a refund, subject only to a cancellation fee.  When Defendants cancelled all their camps for 2020, Ms. Kearney sought a refund and was denied.

13.     Plaintiffs are ignorant of the true names or capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names.  When the names and capacities of these defendants are ascertained, Plaintiffs will amend this complaint accordingly.  Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

## III.     JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction of this action under the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in the claims asserted herein will exceed $5,000,000, and the Class members reside in different states.

15.     This Court has personal jurisdiction over Defendants because Defendants either reside in California or have their principal place of business in California and conduct the majority

of their business in California.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are subject to this Court's personal jurisdiction with respect to this civil action and therefore resides in this District pursuant to 28 U.S.C. § 1391(c)(2).  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(d) because Defendants have sufficient contacts in this District to establish personal jurisdiction in this District.

**IV.    GENERAL ALLEGATIONS**

17.     During the Class Period, Defendants operated approximately 83 spring and/or summer camps – approximately 71 in California, 11 in Illinois, and 1 in Colorado – with each camp having multiple sessions over the course of the spring and/or summer.

18.     Defendants offered those camps to the public via their website, email marketing, and otherwise.  Pursuant to the terms of the agreement, anyone who purchased a camp session could cancel for a refund.  The exact terms appear to be inconsistent, with some materials stating that reservations could be canceled at will, while other materials referred to a nominal cancellation fee.

19.     In 2019 and 2020, Plaintiff and the Class purchased numerous camps sessions for 2020.  On or around March 13, 2020, Glen Tripp, on behalf of Defendants, appeared on TV and represented that despite the COVID-19 pandemic, Defendants' camps would continue to be available and encouraged families to apply for scholarships.  Similarly, in March and early April, representatives of Defendants advised customers who called that the cancelation policy remained in effect.

20.    In reliance on those representations, Plaintiffs did not cancel their camp sessions and did not request a refund, and in some cases, were induced to purchase camp sessions for the first time.

21.    By mid-April 2020, the COVID-19 pandemic had grown exponentially worse, and Defendants made the decision to cancel all 2020 camp sessions.  Defendants have refused and continue to refuse to provide any refunds.  Instead, Defendants have offered credit towards future camps.

22.    While the decision to cancel was probably prudent, and due to factors that were not the fault of any party, Defendants cannot simply retain Plaintiffs' payments while not providing the agreed services.

23.    The offer of credit is inadequate, as many families are in dire straights themselves due to the coronavirus, and have used their childcare budget to pay for these camps.  A credit towards a future camp in 2021 or later does nothing to address their immediate need for childcare. Other families may not be in a position to use that credit in a later year.

## V.    CLASS ACTION ALLEGATIONS

24.    Named Plaintiff brings this action on behalf of herself and as a class action pursuant to Federal Rule of Civil Procedure 23.

25.    The class that Named Plaintiff seeks to represent is defined as follows: All individuals who paid Defendants for spring and/or summer camps that were canceled by Defendants without refund during the Class Period.

26.    The claims alleged by Named Plaintiff may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because the requirements of that Rule are satisfied with respect to those claims.

**A.      Numerosity**

27.      The total number of members of the Class is believed to be in excess of 20,000 persons.  Accordingly, joinder of all class members would be impractical.

**B.      Commonality**

28.      There are numerous questions of law and fact common to the Class.  Such questions include, but are not limited to, the following:

(1)      Whether Defendants, as a matter of common policy, breached their contracts with Class members to allow cancelations for a refund;

(2)      Whether Defendants negligently misrepresented that their camps would be available despite the COVID-19 pandemic and the imminent cancelation of those camps by Defendants; and

(3)      Whether Defendants' actions as described herein constitute violations of California Business and Professions Code §17200, *et seq.*

**C.      Typicality**

29.      Named Plaintiff's claims are typical of the claims of the Class.  Named Plaintiff and all members of the proposed Class are or were subjected to the same policies and procedures, and their claims arise out of Defendants' common course of conduct and are based on the same legal and remedial theories.

**D.      Adequacy of Representation**

30.      Named Plaintiff will fairly and adequately protect the interests of the Class. Named Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation.  Named Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Named Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the Class.

### E.    Propriety of Certification under FRCP 23(b)(3)

31.    Questions of law and fact common to the Class, including the common question described above, predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.  Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.  The identity of each member of the proposed Class can be established by records maintained by Defendants.

32.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims.  Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties.  A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions.  Further, class treatment is the only realistic means by which Plaintiffs – many of whom are without substantial resources – can effectively litigate against a large, well-represented corporate defendant like Defendants.  In the absence of a class action, Defendants will be unjustly enriched by the retention of the fruits and benefits of its unlawful conduct.  A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

### F.    Propriety of Certification under FRCP 23(b)(2)

33.    Class certification is appropriate under FRCP 23(b)(2) because Defendants have acted and/or refused to act, as alleged herein, on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to the Class as a whole.  The Class members are entitled to injunctive relief to end Defendants' common, uniform, and unfair policies and practices as described herein.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Breach of Contract)

34.     Plaintiffs incorporate the allegations above as though they were fully set forth herein.

35.     In the time period from 2019 through the present, Plaintiffs entered various agreements with Defendants pursuant to which Plaintiffs paid consideration to Defendants in exchange for Defendants providing summer camp sessions to Plaintiffs (or, primarily, their children) in the spring and summer of 2020.  The agreements contained a material term that the agreements could be canceled for a refund, either at will or subject only to a nominal cancelation fee.

36.     In or around April 2020, Defendants breached those agreements by canceling the camps due to the COVID-19 pandemic, but refusing to give any refunds to Plaintiffs.

37.     Plaintiffs performed all required of them under the agreements, save such performance as has been waived or excused by Defendants' own conduct.

38.     As a result of Defendants' breach, Plaintiffs have been damaged in an amount to be proved at trial.

### SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

39.     Plaintiffs incorporate the allegations above as though they were fully set forth herein.

40.     As set forth above, on or around March 13, 2020, Glen Tripp, on behalf of Defendants, appeared on FOX 2/KTVU and stated that Defendants' camps were "full speed ahead" and encouraged families to apply for scholarships.  Additionally, in March and early April,

some Class members called Defendants to inquire about the status of the camps and possible cancellation, and was assured that the cancellation policy remained in effect

41.     When Mr. Tripp and  Defendants' representatives made those representations on behalf of Defendants, they had no reasonable grounds for believing that the representations were true, and Mr. Tripp and  Defendants' representatives made the representations with the intent to induce Plaintiffs to take the actions herein alleged.

42.     As a proximate result of the negligent misrepresentations of Mr. Tripp and Defendants' representatives on behalf of Defendants, Plaintiffs were induced to act as described above, by reason of which they have been damaged in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

**(Restitution/Unfair Business Practices, Violation of California Bus. & Prof. Code §17200)**

43.     Plaintiff incorporates the allegations above as though they were fully set forth herein.

44.     Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Bus. & Prof. Code §17200, *et seq.* ("UCL").  Defendants' conduct constitutes unlawful, unfair, or fraudulent business acts or practices in that they promoted their camps, accepted payment for those camps in advance, continued to reassure Plaintiffs and the general public that those camps would operate, then abruptly canceled those camps and refused to provide refunds.

45.     As a result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiffs have suffered injury in fact and have lost money, while Defendants have been enriched by the retention of those funds that are the property of Plaintiffs.

46.     Plaintiffs are entitled to restitution of all amounts paid to Defendants for the services not provided to them and which, through the unfair and unlawful practices alleged herein, Defendants have not paid to Plaintiffs.

47.     Plaintiffs are informed and believe, and on that basis allege, that Defendants continue to engage in the unlawful, unfair, and fraudulent practices as alleged herein, and that they will continue to do so unless enjoined by this court.

48.     Pursuant to Bus. & Prof. Code §17203, Plaintiffs seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct, and to recover restitution.

**FOURTH CAUSE OF ACTION**

**(Rescission)**

49.     Plaintiff incorporates the allegations above as though they were fully set forth herein.

50.     As set forth above, in the time period from 2019 through the present, Plaintiffs entered various agreements with Defendants pursuant to which Plaintiffs paid consideration to Defendants in exchange for Defendants providing summer camp sessions to Plaintiffs (or, primarily, their children) in the spring and summer of 2020.  The agreements contained a material term that the agreements could be canceled for a refund, either at will or subject only to a nominal cancelation fee.

51.     In or around April 2020, Defendants breached those agreements by canceling the camps, but refusing to give any refunds to Plaintiffs.

52.     Plaintiffs sought to rescind the agreements and recover their payments to Defendants, but Defendants have refused to either perform or to refund any consideration.

53.     Plaintiffs have no adequate remedy at law other than rescission.

/ / /

/ / /

/ / /

COMPLAINT

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1.   That the Court certify this action as a class action on behalf of the Class pursuant to Federal Rule of Civil Procedure 23;

2.   That the Court designate Named Plaintiffs as representative of the Class;

3.   That the Court appoint the law firm Aiman-Smith & Marcy, P.C. as class counsel;

4.   That Defendants be ordered to pay all amounts owed to Plaintiffs and the Class arising out of the actions complained of herein in an amount according to proof at trial, plus penalties, interest, and costs;

5.   That Defendants, at their own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

6.   That in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action, that Defendants be ordered to pay for all necessary efforts to actually locate members of Plaintiff Class;

7.   That Defendants be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiffs by Defendants pursuant to California Business and Professions Code § 17200, et seq.;

8.   For damages according to proof;

9.   For costs of suit herein incurred, including attorneys' fees; and

10.   For such further relief as the court deems just and proper.


DATED: April 23, 2020                          **AIMAN-SMITH & MARCY, P.C.**


_____
John A. Lofton, Esq.
Attorney for Plaintiff Nanette Kearney

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Class, hereby demands a jury on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED: April 23, 2020                    **AIMAN-SMITH & MARCY, P.C.**

_____
John A. Lofton, Esq.
Attorney for Plaintiff Nanette Kearney